J-S16045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PHILLIP MICHAEL OMMUNDSEN :
:
Appellant : No. 838 WDA 2025

Appeal from the Judgment of Sentence Entered June 4, 2025
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000432-2024

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LANE, J.:                **FILED:  July 30, 2026**

Phillip Michael Ommundsen ("Ommundsen") appeals from the judgment of sentence imposed following his guilty pleas to criminal attempt to commit statutory sexual assault and possession with intent to deliver a controlled substance.[1]  After careful review, we affirm.

We summarize the relevant procedural history as follows.  In March 2025, Ommundsen entered a negotiated guilty plea to the above-mentioned offenses.  He waived a recitation of the factual basis for the charges.  Nevertheless, we note that in his own post-sentence motion, he acknowledged that he had "communication with an adult civilian posing as a minor." Optional Post-Sentence Motions, 6/16/25, at 2.  Ommundsen completed a written

_____

[1]  **See** 18 Pa.C.S.A. §§ 901(a), 3122.1(b); 35 P.S. § 780-113(a)(30).

guilty plea colloquy wherein he averred he understood the nature of the charges. The trial court also conducted an oral colloquy. Ommundsen acknowledged that he reviewed the written colloquy with his attorney and he understood it. The trial court questioned whether Ommundsen understood that for a charge of statutory sexual assault, the Commonwealth would have to prove beyond a reasonable doubt that he had sex with a child under the age of fifteen[2] and that he was eleven or more years older than the child. Further, to establish attempt, the Commonwealth would have to prove beyond a reasonable doubt that Ommundsen took a substantial step toward committing statutory sexual assault. He averred he understood. The trial court also questioned Ommundsen whether he had sufficient time to review the allegations against him with his attorney and he responded that he had. The trial court accepted Ommundsen's guilty plea.

On June 4, 2025, the trial court imposed the negotiated aggregate sentence of eighteen months to five years' imprisonment, followed by five years' consecutive probation.[3]

---

[2] We note the sexual assault statute requires the child to be under the age of sixteen. **See** 18 Pa.C.S.A. § 3122.1(b).

[3] The trial court found that Ommundsen was not a sexually violent predator but required him to register as a Tier III offender pursuant to the Sexual Offender Registration and Notification Act. **See** 42 Pa.C.S.A. §§ 9799.10-9799.75.

With new counsel, Ommundsen filed a post-sentence motion to withdraw his guilty plea. Ommundsen asserted he did not enter the plea knowingly, intelligently, and voluntarily, and that his plea counsel's ineffective assistance induced the plea. The trial court denied relief. Ommundsen filed a timely notice of appeal. Both Ommundsen and the trial court complied with Pa.R.A.P. 1925.

Ommundsen presents the following issues for our review:

1. Whether the trial court erred as a matter of law, hence created manifest injustice, when it denied [Ommundsen's] post sentence motion to withdraw guilty plea to attempt-statutory sexual assault, to wit: [Ommundsen's] plea was not "knowingly, intelligently, voluntarily, or understandingly" entered?

2. Whether a manifest injustice resulted when [Ommundsen] was denied his request to withdraw his guilty plea when he entered his plea as a result of ineffective assistance of counsel, to wit: [Ommundsen] entered a plea of guilty to an offense that cannot be considered attempt-statutory sexual assault as he did not attempt to have intercourse "with a complainant under the age of [sixteen] years," but rather with an adult posing as a minor?

Ommundsen's Brief at 6 (unnecessary capitalization omitted).

For ease of disposition, we will address Ommundsen's two claims together. Ommundsen argues on appeal that: (1) the trial court should have allowed him to withdraw his guilty plea because he did not enter it knowingly, intelligently, and voluntarily; and (2) the ineffective assistance of his counsel induced his plea.

We consider the applicable standard of review:

We review the denial of a post-sentence motion to withdraw a guilty plea for an abuse of discretion. "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will."

*Commonwealth v. Gabra*, 336 A.3d 1052, 1056-57 (Pa. Super. 2025) (citation omitted).

This Court has stated:

[A] request to withdraw a guilty plea made after sentencing is subject to a higher scrutiny "since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices." Therefore, in order to withdraw a plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a "manifest injustice." A defendant meets this burden only if he can demonstrate that his plea was entered involuntarily, unknowingly, or unintelligently.

*Commonwealth v. Alameda*, 339 A.3d 504, 509-10 (Pa. Super. 2025) (citations omitted). "In determining whether a plea is valid, the court must examine the totality of the circumstances surrounding the plea." *Gabra*, 336 A.3d at 1057 (citation omitted).

Moreover, once a defendant enters a guilty plea, it is presumed he was aware of what he was doing. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his colloquy." In assessing the voluntariness of a guilty plea, we note "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: [a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made."

*Alameda*, 339 A.3d at 510 (unnecessary capitalization and citations omitted).

Additionally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" ***Commonwealth v. Adams***, 327 A.3d 667, 669 (Pa. Super. 2024) (citation omitted).

Our Crimes Code defines statutory sexual assault, in part, as follows:

> **(b) *Felony of the first degree.* —** A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3122.1(b).

> A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). Our Supreme Court has explained:

> > Our Crimes Code is clear in defining the two (2) elements of the offense of attempt by providing: (1) that the actor intend to commit an offense; and (2) that the actor take a substantial step toward completion of the offense. ***The Code then specifically provides that impossibility is not a defense if the completed offense could have occurred had the circumstances been as the accused apprehended them to be. . . .***

***Commonwealth v. Aguilar***, 340 A.3d 311, 319-20 (Pa. Super. 2025) (some citations omitted) (emphasis in original).

Ommundsen first argues that the Commonwealth could not establish statutory sexual assault because law enforcement arrested him in a parking lot before any sexual act occurred. Further, Ommundsen reasons that he

could not have had sex with a minor because he was in fact communicating with an adult decoy, who was not a law enforcement officer but an adult lay person. Ommundsen also reasons that the uncontested facts in this case gave rise to an unnamed "affirmative and statutory defense" which could have led to the dismissal or *nolle prosse* of these charges. Ommundsen's Brief at 16.

Ommundsen next argues that his plea was not knowing, intelligent, or voluntary because his plea counsel did not properly advise him as to the lack of evidence to support the charges. Ommundsen also argues that plea counsel was ineffective because he did not advise him that he could challenge his charges with pretrial motions, nor did he file any motions. Lastly, Ommundsen argues, without further explanation, that plea counsel failed to advise him "that there was conflicting case law in Pennsylvania, hence that he had a possible defense to his case." *Id*. at 13.

Here, the trial court reasoned that the Commonwealth could have prosecuted Ommundsen's charges. It considered an analogous Court of Common Pleas decision, which the trial court cited as "***Commonwealth v. Brown***, CP-33-Cr-336-2023, Omb. Op., 01/25/2024." Trial Court Opinion, 8/13/25 at 1-2. In that case, the trial court rejected the defendant's claim that he could not have committed attempt offenses because of "a mistake of fact," where he was communicating with an adult and not a fifteen year old girl, as he believed. *Id*. The ***Brown*** court reasoned that, with respect to an attempt charge, the identity of the supposed victim was "immaterial," and

instead, the defendant "**believed** he was making plans to have sexual relations with [the] decoy's [underage] persona" and he took substantial steps to commit that crime.[4] *Id*. at 1 (emphasis in original).

After careful review of the record and considering the totality of circumstances, we conclude the trial court did not abuse its discretion in denying Ommundsen's post-sentence motion to withdraw his guilty plea. At the plea hearing, he stated that he understood the factual allegations, the nature of the charges against him, and the burden of proof necessary for conviction. Ommundsen is bound by the statements he made during the hearing. *See Alameda*, 339 A.3d at 509. Additionally, Ommundsen's mistaken belief that he was communicating with an underaged victim would not in itself defeat an attempted statutory sexual assault charge. *See Aguilar*, 340 A.3d at 319-20.

Furthermore, we deny relief on Ommundsen's ineffective assistance of counsel claim. "Our Supreme Court has made clear that ineffectiveness claims are not to be raised in the first instance on direct appeal but must await collateral review." *Alameda*, 339 A.3d at 511 (citation omitted). The Court permits an exception where the trial court held a hearing on a claim of

---

[4] "[W]e note this Court is not bound by decisions of the Court of Common Pleas, even if directly on point.'" *Commonwealth v. Peak*, 230 A.3d 1220, 1229 n.6 (Pa. Super. 2020).

ineffectiveness of counsel and "the record has been fully developed on that issue." **Id**.

Here, the trial court did not hold a hearing on Ommundsen's ineffective assistance of counsel claim. Therefore, there is no developed record on this issue. We deny relief without prejudice to Ommundsen to raise a proper ineffective assistance of counsel claim on collateral review.

As none of Ommundsen's claims entitle him to appellate relief, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/30/2026